## STATE v. THOMPSON.
No. 5890.

Circuit Court, Dade County, Criminal Appeal.

July 13, 1966.

Jack R. Nageley, Miami Beach, for appellant.

Richard E. Gerstein, State Attorney, Joseph Durant, Assistant State Attorney, for appellee.

GENE WILLIAMS, Circuit Judge.

This cause came before this court on the appeal of Clarence Thompson from a judgment of the metropolitan court of Dade County estreating appellant's bail bond.

Appellant raised one point on the appeal, to-wit, whether the trial court erred in denying defendant's motion for remission of forfeiture. Appellant, however, submits two arguments in support of the one point. The first point in brief sets forth defective notice to the appellant of the date of trial. The court agrees with the state's contention that the court cannot consider this argument because it is raised for the first time on appeal.

The second argument by appellant is to the effect that the surety attempted to locate the defendant and bring him before the court and that within the six months period provided by the statute, that the appellant was located but found to be deceased, a fact which is agreed upon by both appellant and appellee.

The state contends that since the apellant was not produced in person and alive before the court within the six months period, the trial court properly exercised its discretion in refusing to remit appellant's bonds and to set aside its judgment estreating appellant's bonds.

The citations of law submitted by the state are not too helpful in this instance inasmuch as they are citations from other jurisdictions which may not have a statute similar to Florida Statute 903.28. This statute appears to be a unique statute. It might

appear somewhat liberal in favor of bail bond sureties. This court, however, must assume that the intent of the legislature was to encourage sureties, in the event of the non-appearance of a defendant, when called upon by the court, to make an effort to seek out the defendant and return him to the court for a better administration of justice.

In this case, it appears that the surety succeeded in locating the appellant but was precluded from returning him to the court because he was deceased. Presumably, if the surety had seized the body of the appellant and produced the corpse before the court, the provisions of the statute would have been fulfilled. There can be no showing that justice would have been defeated by the delay in the appearance of the appellant.

In this court's opinion there is no doubt that the bail bonds should have been remitted and judgment of forfeiture set aside. It is therefore considered, ordered and adjudged that this cause is reversed for proceedings in the trial court in accordance with this opinion.